UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:19-CV-14256-ROSENBERG/MAYNARD

SUSAN SAVAGE, *on Behalf of Herself
and Others Similarly Situated*,

    Plaintiff,

v.

SETERUS, INC. and NATIONSTAR
MORTGAGE, LLC, *as Successor in
Interest to Seterus, Inc.*,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND TRANSFERRING CASE TO THE MIDDLE DISTRICT OF FLORIDA

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Class Action Complaint. DE 16. The Court has carefully considered the Motion, Plaintiff's Response thereto [DE 25], Defendants' Reply [DE 29], and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Dismiss is granted in part and denied in part and this case is transferred to the Middle District of Florida

### I. FACTUAL BACKGROUND

Plaintiff Susan Savage filed the Class Action Complaint in this matter on July 25, 2019. DE 1. Savage alleges that Defendants are servicers of mortgages for residential housing loans and contract to collect payments, fees, and other amounts that homeowners owe.[1] *Id.* ¶¶ 28, 29. Defendants specialize in servicing mortgage loans that are in default or have an increased risk of

---

[1] Savage alleges that Defendant Nationstar Mortgage, LLC is the successor in interest to Defendant Seterus, Inc. and is liable for the acts attributable to Seterus, Inc. DE 1 ¶ 23. The Court refers to Defendants collectively in this Order.

default. *Id.* ¶¶ 38, 39, 42, 43. Defendants serviced Savage's mortgage loan while the loan was in default. *Id.* ¶¶ 16, 34, 54-56.

On or around July 27, 2018, Defendants sent Savage a letter stating that her mortgage loan was in default and demanding that she bring the loan up to date by paying the default amount by the expiration date of August 31, 2018. *Id.* ¶ 47; DE 1-1. The demand letter stated, in part:

> If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order on or before August 31, 2018, we will accelerate the maturity date of your loan and upon such acceleration the ENIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

DE 1-1. On or around November 30, 2018, Defendants sent Savage a nearly identical demand letter with a higher default amount and an expiration date of January 4, 2019. DE 1 ¶ 48; DE 1-2.

During a deposition for a case in North Carolina, a representative of Defendants testified that Defendants' policy is that they will not accelerate a mortgage loan if *any* payment, even a partial payment, is made by the expiration date that brings the loan less than 45 days delinquent. DE 1 ¶¶ 4, 66, 69. Thus, Savage maintains that the demand letters, by stating that the mortgage loan *will* be accelerated if *full* payment is not received by the expiration date, constituted a threat and a false, deceptive, and misleading method to collect a debt. *S+ee, e.g.*, *id.* ¶¶ 3, 5, 70-73, 76-85, 91, 92.

Savage brings one count of violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, one count of violation of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, and one count of negligent misrepresentation. *Id.* at 22-31. Savage brings her claims on behalf of herself and putative classes of all consumers throughout the Southern District of Florida who received demand letters from Defendants substantially similar or materially identical to the demand letters that she received. *Id.* at 16-22.

2

## II. BARILLA V. SETERUS, INC.

On January 25, 2019, three plaintiff homeowners, Nicole Barilla, Lois Kerr, and Charles McDonald ("the *Barilla* plaintiffs") filed a Class Action Complaint in the Middle District of Florida against Seterus, Inc., later adding Nationstar Mortgage, LLC as a defendant as successor in interest to Seterus, Inc. *See Barilla v. Seterus, Inc.*, 2:19-cv-00046 (M.D. Fla.), DE 1, 39. The *Barilla* plaintiffs brought claims of violation of the FDCPA, violation of the FCCPA, and negligent misrepresentation. *Id.* at DE 1. They based these claims on demand letters that, like the demand letters at issue in this case, stated that Defendants would accelerate the maturity date of a mortgage loan if full payment of the default amount was not received by the expiration date. *Id.* at DE 1-5. Based on the same deposition testimony on which Savage relies, which indicates that Defendants' policy is that they will not accelerate a mortgage loan if any payment is made by the expiration date, the *Barilla* plaintiffs maintained that the demand letters constituted a threat and a false, deceptive, and misleading method to collect a debt. *Id.* at DE 1. The *Barilla* plaintiffs brought their claims on behalf of themselves and a putative class of Middle District of Florida consumers for the FDCPA claim and a putative class of Florida consumers for the FCCPA claim. *Id.*

The District Court in the Middle District of Florida subsequently dismissed the *Barilla* plaintiffs' FCCPA and negligent misrepresentation claims. *Id.* at DE 47, 55. The operative complaint is the Third Amended Class Action Complaint, which Defendants have answered. *Id.* at DE 48, 56. No motion for class certification has been filed to date.

## III. ANALYSIS

Defendants seek, in part, a transfer of this case to the Middle District of Florida under the first-filed rule. "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the

first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *see also Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) ("when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case"). "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Young v. West Publ'g Corp.*, No. 09-22426-CIV, 2010 WL 11597583, *1 (S.D. Fla. Jan. 6, 2010) (quotation marks omitted). The purposes of the first-filed rule are to avoid the waste of judicial resources, inconsistent rulings, and piecemeal litigation. *Strother v. Hylas Yachts, Inc.*, No. 12-80283-CV, 2012 WL 4531357, *1 (S.D. Fla. Oct. 1, 2012). "[J]udges are afforded an ample degree of discretion" in applying the first-filed rule. *Id.* (quotation marks omitted).

When applying the first-filed rule, a court should consider the chronology of events, the similarity of the parties involved, and the similarity of the issues or claims at stake. *Young*, 2010 WL 11597583, *2. "The parties and issues need not be identical; the proper inquiry is whether they substantially overlap." *Id.* (quotation marks omitted); *see also Strother*, 2012 WL 4531357, *2 ("All that need be present is that the two actions involve closely related questions or common subject matter. The cases need not be identical to be duplicative." (alteration and quotation marks omitted)). The first-filed rule "is not meant to be rigid or inflexible but should be applied in a manner that best serves the interests of justice." *Zampa v. JUUL Labs, Inc.*, No. 18-25005-CIV, 2019 WL 1777730, *2 (S.D. Fla. Apr. 23, 2019).

The party objecting to jurisdiction in the first-filed forum has "the burden of proving compelling circumstances to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (quotation marks omitted). "[I]t is appropriate to depart from the first-to-file rule when there

is a showing that the balance of convenience tips in favor of the second forum or that there are special circumstances which justify giving priority to the second action." *Women's Choice Pharm., LLC v. Rook Pharm., Inc.*, No. 16-CV-62074, 2016 WL 6600438, *5 (S.D. Fla. Nov. 8, 2016) (quotation marks omitted).

When the first-filed rule applies, the proper course is to transfer the second-filed case to the first-filed court to determine how the cases should proceed. *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013). A transfer of a case under the first-filed rule does not depend on the presence or absence of 28 U.S.C. § 1404(a) considerations. *Young,* 2010 WL 11597583, *2; *see also Women's Choice Pharm.*, 2016 WL 6600438, *5 ("The Court declines to address Defendant's argument for transfer pursuant to 28 U.S.C. § 1404 as the application of the first-to-file rule is dispositive."); *cf. Osgood v. Discount Auto Parts, LLC*, 981 F. Supp. 2d 1259, (S.D. Fla. 2013) (listing the factors for a court to consider when determining whether to transfer venue under § 1404(a)).

*Barilla v. Seterus, Inc.* was initiated six months before this case. The District Court in the Middle District of Florida has twice ruled on motions to dismiss. *See Barilla*, 2:19-cv-00046, DE 47, 55. In fact, in Defendants' Motion to Dismiss pending before this Court, they seek rulings on many of the same legal issues that have been raised and ruled upon in the Middle District of Florida.

Savage and the *Barilla* plaintiffs raised identical claims of violation of the FDCPA, violation of the FCCPA, and negligent misrepresentation against the same Defendants. The claims in both cases rely on the language in Defendants' demand letters that they would accelerate a mortgage loan if the default amount was not paid in full by the expiration date. The claims in both

cases rely on the same deposition testimony to assert that this demand letter language was a threat and a false, deceptive, and misleading method to collect a debt.

Savage and the *Barilla* plaintiffs are similarly situated and, in fact, share counsel. Savage and the *Barilla* plaintiffs seek certifications of classes of Florida homeowners who received demand letters from Defendants that are identical or similar to the demand letters that they received. *See Laskaris*, 962 F. Supp. 2d at 1298-99 (transferring under the first-filed rule a putative class action based on a contract identical to the contract at issue in a first-filed putative class action pending in another district). The Court notes that Savage seeks class certification for consumers in the Southern District of Florida for her FDCPA claim, while the *Barilla* plaintiffs seek class certification for consumers in the Middle District of Florida for their FDCPA claim. Savage has provided no explanation for her narrow class certification request, and the scope of the class in *Barilla*, if any, is yet to be determined.

The Court concludes that an analysis of the relevant factors, consideration of the purposes of the first-filed rule, and the interests of justice demonstrate that this case should be transferred to the Middle District of Florida. Savage has provided no reason to justify this case remaining in this District. *See Manuel*, 430 F.3d at 1135 (stating that the party objecting to jurisdiction in the first-filed forum has the burden of proving compelling circumstance to warrant an exception to the first-filed rule).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** insofar as Defendants seek a transfer of this case to the Middle District of Florida. The Motion is **DENIED WITHOUT PREJUDICE** insofar as Defendants seek dismissal of the Class Action Complaint. Defendants may re-raise their dismissal arguments to the District Court in the Middle District of Florida.

2. The Clerk of Court is directed to transfer this case to the **United States District Court for the Middle District of Florida**.

3. The Clerk of Court is directed to **CLOSE THIS CASE**. All deadlines are terminated, all hearings are cancelled, and all motions are denied as moot.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of January, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record