UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN SAVAGE, on behalf of herself
and others similarly situated,

        Plaintiff,

v.                                     Case No.:   2:20-cv-32-FtM-38NPM

SETERUS, INC. and NATIONSTAR
MORTGAGE LLC,

        Defendants.
_____/

## **OPINION AND ORDER**[1]

This fair debt collection case was originally filed in the Southern District of Florida but transferred to the Middle District because a substantially similar case pending before the undersigned was filed by the same Plaintiff's counsel six months earlier, styled *Barilla v. Nationstar Mortgage, LLC*, Case No. 2:19-cv-46-38NPM. *Savage* and *Barilla* are brought against the same Defendants, Seterus, Inc. and Nationstar Mortgage, LLC's[2], complaining about the same debt collection letters and making essentially the same claims for violations of the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA).[3]  Defendants move to dismiss both claims for improper claim splitting and under the first-filed rule.  (Doc. 48).  As set forth below,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Nationstar acquired Seterus in February 2019.  Accordingly, Nationstar is successor in interest to Seterus, and Seterus is now part of Nationstar.

[3] A negligent misrepresentation claim was dismissed in *Barilla*, and Savage has agreed to drop the same claim.  (Doc. 53, n.2).

dismissal on these grounds is denied. If dismissal is denied, Defendants move in the alternative to consolidate this case with *Barilla* for all purposes (Doc. 49), which the Court grants for the reasons set forth below. Defendants also move to dismiss the FCCPA count for failure to state a claim, which is granted with leave to amend a portion of that claim.

I.     **MOTION TO DISMISS**

    **A. Claim Splitting**

The rule against claim splitting requires a plaintiff to assert all of its causes of action that arise from the same set of facts in one lawsuit. *Vanover v. NCO Financial Services, Inc.*, 857 F.3d 833, 841 (11th Cir. 2017). The Court applies a two-factor test: (1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions. *Vanover*, 857 F.3d at 841-42. The claim-splitting doctrine only applies where "a plaintiff maintain[s] two separate causes of action involving the same subject matter, at the same time, in the same court, against the same defendant." *Rumbough v. Comenity Capital Bank*, 748 F. App'x 253, 255 (11th Cir. 2018) (citing *Vanover*, 857 F.3d at 840-42).

Here, although *Barilla* and *Savage* arise out of the same nucleus of common facts, the first factor is not satisfied. Savage is not splitting her causes of action between two cases. She has only filed one case against Defendants. The Court also does not find Defendants' privity argument persuasive. Therefore, dismissal on this basis is denied.

    **B. First-Filed Rule**

According to the first-filed rule, when parties file parallel suits in separate courts, "the court initially seized of the controversy should hear the case."

*Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013).  When cases in two federal courts have "overlapping issues and parties," the first-filed rule offers "a strong presumption" the proper forum to resolve the dispute is the first case.  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

Typically, the first-filed rule applies to cases pending in different districts.  *See Collegiate Licensing*, 713 F.3d at 78.  Yet this rule has been applied to intra-district cases or those before the same judge.  *Figueroa v. The Hertz Corp.*, 2:19-cv-326-FtM-38NPM (Doc. 50), *Bodywell Nutrition, LLC v. Fortress Sys., LLC*, 846 F. Supp. 2d 1317, 1326 (S.D. Fla. 2012); *Hartford Steam Boiler Inspection and Ins. v. Menada, Inc.*, No. 1:17-cv-21465, 2017 WL 5891458, at *5-6 (S.D. Fla. Aug. 2, 2017); *Burns v. Cty. of Nassau*, 337 F. Supp. 3d 210, 213-14 (E.D.N.Y. 2018).  The first-filed rule analysis considers three factors:  "(1) the chronology of the two actions; (2) identity of the parties[;] and (3) the similarity of the issues."  *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971-T-27AAS, 2018 WL 2426644, at *1 (M.D. Fla. May 30, 2018).

The problem with applying the first-filed rule here lies with the second factor – identity of the parties.  As the putative classes are currently constituted, the class plaintiffs in *Barilla* and *Savage* are substantially different.  In *Barilla*, Plaintiffs have moved to certify a class of consumers in the **Middle District of Florida**.  In *Savage*, Plaintiff brings the action on behalf of a class defined as all consumers in the **Southern District of Florida**.  Although the parties need not be identical and minor differences are acceptable, *Collegiate Licensing*, 713 F.3d at 79; *Williams*, 2018 WL 2426644, at *1, the fact that Savage and other putative class members in that case are not encompassed within the

3

class definition of *Barilla* and could not litigate their claims in that first-filed case is prejudicial. Therefore, dismissal based on the first-filed rule is denied.

### C. Failure to State a Claim (FCCPA – Count II)[4]

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A claim is facially plausible when the court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct. *See id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). Thus, the court engages in a twostep approach: "When there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The Court recounts the factual background as pled in Plaintiff's Complaint (Doc. 1), which it must accept as true to decide whether Plaintiff states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

Susan Savage fell behind on mortgage payments and defaulted, and Defendants sent her two letters dated July 27, 2018 and November 30, 2018, demanding she get current, referred to as the "Florida Final Letters." (Doc. 1-1; Doc. 1-2). The letters each

---

[4] Defendants do not move to dismiss the FDCPA claim, stating: "Instead of re-asserting the same FDCPA arguments from Seterus's motions to dismiss the complaints in *Barilla*, which this Court has already considered and denied, Seterus omits those arguments, focuses on new grounds for dismissal (*i.e.* claim-splitting, first-to-file), and on Plaintiff's deficient state law claims." (Doc. 43 at n.4).

4

listed the default amount, provided a deadline to cure the default, and specified consequences for failure to cure.  The letters warned:

> If full payment of the default amount is not received by us [by the deadline], we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and owing.

(Doc. 1 at 8; Doc 1-1 at 2; Doc 1-2 at 2).  Immediately following that sentence, the letters stated:

> Failure to cure the default on or before the Expiration Date may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding, and sale of the property. If you only send a partial payment, the loan will still be in default. Additionally, we will keep the payment and may accelerate the maturity date.

(Doc. 1 at 8; Doc. 1-1 at 2; Doc. 1-2 at 2).  Contrasting with these threats of foreclosure, the letters also stated that "FORECLOSURE PROCEEDINGS WILL NOT BE COMMENCED UNLESS AND UNTIL ALLOWED BY APPLICABLE LAW." (Doc. 1-1 at 3; *see* Doc. 1 at 7 (alleging that all Florida Final Letters sent to all borrowers in Florida who became 45 days delinquent were "the same or substantially same statements")). The letters further advised that Plaintiff "ha[d] the right to reinstate your loan after acceleration" after which "the loan no longer will be immediately due in full."  (Doc. 1-1 at 3).

However, Plaintiff did not realize that Defendants had an internal policy of showing mercy to debtors who failed to fully cure their default before the deadline, which Seterus' 30(b)(6) representative explained in a similar case filed in North Carolina.  (Doc. 1 at 9-10).  Under this policy, Defendants would not accelerate defaulting loans – provided they were not yet 45 days past due.  This 45-day clock reset whenever debtors made any

payment—partial or full—preventing acceleration each time. Thus, the letters' threats to accelerate if Plaintiff sent anything less than full payment before the deadline were untrue. And because Defendants attempted to coerce Plaintiff into paying what she owed by creating a "false sense of urgency," Defendants violated federal and Florida debt collection law.

The FCCPA, which is a state law analogue to the FDCPA, provides an exhaustive list of prohibited debt collection practices, and Savage claims the Florida Final Letters violated two of its prohibitions - subsections (7) and (9). Fla. Stat. § 559.72; *Oppenheim v. I.C. Sys.*, 627 F.3d 833, 836 (11th Cir. 2010).

### 1. Fla. Stat. § 559.72(9)

Fla. Stat. § 559.72(9) states that no debt collector shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person *knows* that the right does not exist." Fla. Stat. § 559.72(9) (emphasis added). Savage alleges that through the Florida Final Letters, Seterus attempted to and threated to enforce a debt that it knew it did not have the legal right to collect, and therefore knew was illegitimate. (Doc. 1 at ¶ 196). Savage further alleges that the Florida Final Letter asserts that Seterus will foreclose sooner than the law allows as Defendants could not legally refer the loans to foreclosure until they were more than 120 days delinquent. (Doc. 1 at ¶ 197); *see* 12 C.F.R. § 1024.41(f)(1) ("A servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless: (i) A borrower's mortgage loan obligation is more than 120 days delinquent[.]"). The same claim was pled

and dismissed in *Barilla*, and Defendants ask this Court to apply the same reasoning here.

"Section 559.72(9) of the FCCPA requires a plaintiff to demonstrate that the debt collector defendant possessed actual knowledge that the threatened means of enforcing the debt was unavailable." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 n. 12 (11th Cir. 2010) (citations omitted).  A plaintiff must demonstrate the debt collector had *actual knowledge* that the debt was illegitimate.  See *Bacelli v. MFP, Inc.* 729 F. Supp. 2d 1328, 1337 (M.D. Fla. 2010).  Savage seems to be arguing that although she owed the debt and had defaulted on the loan, the fact that Seterus did not have the legal right to collect on the debt at the time the letters were sent made the debt illegitimate.  In other words, Savage is not challenging Defendants' contractual rights and remedies to collect the debt, just the way they attempted to collect.

The Eleventh Circuit addressed this very issue within the context of 15 U.S.C. § 1692e(5) in *Moore v. Seterus, Inc.*, 711 F. App'x 575, 580 (11th Cir. 2017).  In *Moore*, as in this case, the debt collection letter threatened the possibility of foreclosure if the debtors failed to cure their default by the expiration date.  *Id.*  In the same paragraph, the collection letter in Moore stated that "foreclosure proceedings w[ould] not be commenced unless and until allowed by applicable law."  *Moore*, 711 F. App'x at 578.  The Eleventh Circuit held that the least sophisticated consumer would read these two statements in conjunction and realize that "foreclosure proceedings would not begin contrary to the contract's terms."  *Id.* at 580.  Thus, to the least sophisticated consumer, the language did not threaten action that Defendants could not legally take.

7

As the Court stated in *Barilla*, given the "close parallel" between Fla. Stat. § 559.72(9), the reasoning of *Moore* holds here. *See Elmore v. Ne. Fla. Credit Bureau, Inc.*, No. 3:10-CV-573-J-37JBT, 2011 WL 4480419, at *5 (M.D. Fla. Sept. 27, 2011). The language of the Florida Final Letters, nearly identical to that in *Moore*, does not threaten to foreclose before legally permissible, and thus does not "assert the existence of some other legal right [which] does not exist." Fla. Stat. § 559.72(9). In her brief, Savage acknowledges the relevance of *Moore*, but asks that the Court reevaluate whether the Eleventh Circuit properly applied the least sophisticated consumer standard. (Doc. 53 at 16-17). The Court declines. Thus, Plaintiff's allegations under § 559.72(9) are not sufficient to state a claim.

### 2. Fla. Stat. § 559.72(7)

Fla. Stat. § 559.72(7) states that no debt collector shall "[w]illfully communicate with the debtor…with such frequency as can reasonably be expected to harass the debtor" or "willfully engage in other conduct…to abuse or harass the debtor." Savage alleges the Florida Final Letters contained "false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it." (Doc. 1 at ¶ 191). She concludes such actions violate § 559.72(7) "because such conduct can reasonably be expected to abuse the debtor." (Doc. 1 at ¶ 191).

Defendants argue that the § 559.72(7) allegations fail because sending the two letters over four months is not frequent enough to constitute abuse or harassment. The Court agrees that the frequency of contact alleged in this case does not amount to abuse or harassment as contemplated in the statute. *See Medley v. Dish Network, LLC*, 2018 WL 4092120 (M.D. Fla. Aug. 27, 2018) (finding approximately five routine billing

notifications and six telephone calls over five months did not constitute harassment), *rev'd on other grounds*, Medley v. Dish Network, LLC, --- F.3d ---, 2020 WL 2092594 (11th Cir. May 1, 2020).  Here, Savage does not allege conduct which could be considered a pattern of harassment or abuse.  Rather, she merely rests on the number of letters without any allegations of harassing conduct.

Savage responds that she is alleging the content, not the frequency, of the letters violated the FCCPA.  But such an argument fails.  Examples of cases where allegations were sufficient under § 559.72(7) to find harassment when the debt collector misrepresents the law to the debtor or attempts to collect a debt that the debtor is not obligated to pay.  *See* Gaalswyk-Knetzke v. Receivable Mgmt. Servs. Corp., 2008 WL 2224833 (M.D. Fla. May 27, 2008) (finding allegations that debt collection notices were difficult to read, together with misstating the statutory obligations of the debt collector constituted a violation of § 559.72(7)); Weaver v. Wells Fargo Bank N.A., 2015 WL 4730572, at *2 (M.D. Fla. Aug. 10, 2015) (finding defendant violated § 559.72(7) by contacting Plaintiff about debt she was not obligated to pay following a bankruptcy discharge).  Neither scenario works here.  The letters state that foreclosure proceedings would not be commended unless and until allowed by applicable law, as discussed above.  Thus, Plaintiff's allegations under § 559.72(7) fail to state a claim.

### D.  Leave to Amend

Courts should generally allow plaintiffs the opportunity to amend before dismissing a claim with prejudice.  *See* Bryan v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (stressing that litigants should ordinarily be given one chance to amend before dismissal with prejudice).  Here, the Court has dismissed Savage's claim brought under Fla. Stat.

§ 559.72(9) which is identical to the claims and arguments made by the same Plaintiff's counsel in *Barilla* that were dismissed after the opportunity to amend. Therefore, the Court will allow Savage to amend her FCCPA claim brought under Fla. Stat. § 559.72(7) only. *See Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) (amendment is futile if cause of action asserted therein could not withstand motion to dismiss). **If Savage does not amend her FCCPA claim, it will be deemed dismissed with prejudice and this case will proceed on the FDCPA count only**.

## II. MOTION TO CONSOLIDATE

Defendants request that the Court consolidate this case with *Barilla* for all purposes because both cases allege facts and claims on behalf of putative classes that are nearly identical in all respects. Savage responds that the cases are not the same for two main reasons: (1) the putative class in *Savage* are consumers in the Southern District of Florida and *Barilla* moves for certification of a class of consumers in the Middle District of Florida; and (2) Savage still has a claim under the FCCPA and Barilla does not.

Rule 42 of the Federal Rules of Civil Procedure provides "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). This rule delineates the district court's power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citation and internal quotes omitted). A district court's decision to consolidate similar cases is "purely discretionary."

*Id.* (citations omitted).  When exercising this considerable discretion, courts must consider:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix*, 776 F.2d at 1495).  "District court judges in this circuit have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion."  *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995) (quotation omitted and alterations adopted).

Having considered the above factors, the Court finds that consolidation is appropriate.  The Court acknowledges Savage's arguments, but exercises is broad discretion to manage its cases and decide whether to consolidate actions and finds that consolidation is appropriate for the sake of convenience and judicial economy.  As the transferor court determined, these cases raise identical claims of violation of the FDCPA, rely on the same language in the Florida Final Letters, and rely on the same deposition testimony to assert that this demand letter language was a threat and a false, deceptive, and misleading method to collect a debt.  (Doc. 32 at 5-6).  Thus, there are risks of inconsistent adjudications of common factual or legal issues, and consolidation will eliminate unnecessary confusion and repetition.

Because the cases are now consolidated, Plaintiffs' counsel should file a consolidated amended complaint in *Barilla* in which all Plaintiffs may be named and Savage can amend her FCCPA claim under Fla. Stat. § 559.72(7) if she wishes.

Defendants shall file a consolidated response to the amended complaint. Plaintiffs' counsel has represented in *Barilla* that if the Motion to Consolidate is granted they will likely seek to represent a class of all consumers throughout the state of Florida and that it is premature to move for class certification until Plaintiffs can determine which classes they will represent. Therefore, the request for class certification in *Barilla* will be denied without prejudice until the pleadings are settled. Plaintiff counsel's representation also cuts against its argument that Savage and other consumers in the Southern District will be prejudiced by consolidation as they already have a plan to reduce that prejudice by including Savage and consumers in the Southern District in the purported class definition in the consolidated action. And if class certification is denied, Savage may proceed individually.

Accordingly, it is now

**ORDERED:**

(1)  Defendants' Motion to Consolidate for All Purposes (Doc. 49) is **GRANTED**. The Clerk of Court is directed to **CONSOLIDATE** this case with the undersigned's case styled *Barilla v. Nationstar Mortgage, LLC*, Case No. 2:19-cv-46-38NPM for all future proceedings, which will serve as the lead case.

(2)  Defendants' Motion to Dismiss (Doc. 48) is **GRANTED in part and DENIED in part**. The Motion is **GRANTED** for failure to state a claim as to Count II, which is **DISMISSED without prejudice** with leave to amend the FCCPA claim brought under Fla. Stat. § 559.72(7) only. The Motion is **DENIED** with respect to the claim splitting and first-filed arguments.

(3) Plaintiffs should file a consolidated amended complaint in *Barilla* by **May 21, 2020**. The amended complaint should omit the negligent misrepresentation claim, which Savage has agreed to dismiss, and omit the FCCPA claim if Savage chooses not to amend that claim. Defendants have until **June 4, 2020** to file a consolidated response.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of May 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record